# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLARENCE EDWARD BALDWIN, JR., | DOCKET NUMBER<br>DC-0752-16-0464-I-1 |
| Appellant, | |
| v. | |
| | DATE: September 29, 2016 |
| SMALL BUSINESS<br>ADMINISTRATION, | |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Clarence Edward Baldwin, Jr., Alexandria, Virginia, pro se.

Claudine Landry, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective May 5, 2015, the appellant received a career-conditional appointment to the GS-12 competitive service position of Loan Specialist. Initial Appeal File (IAF), Tab 10 at 75. The appointing Standard Form 50 provided that the appointment was subject to completing a 1-year initial probationary period beginning on the effective date of the appointment. *Id*. Effective March 1, 2016, before he completed his probationary period, the appellant resigned. *Id*. at 19. The appellant filed an appeal, alleging that his resignation was involuntary because he resigned in lieu of termination and because of discrimination on the bases of his race (black) and marital status (single). IAF, Tab 11 at 4.

¶3 The administrative judge found that the appellant failed to allege facts to support a finding that the agency coerced or misled him or otherwise deprived him of a meaningful choice about resigning. IAF, Tab 12, Initial Decision (ID) at 2-4. She found that, by the appellant's own admission, he resigned because the agency intended to terminate him before the end of his probationary period. *Id*. She found that, although the choice between termination and resignation is

unpleasant, it did not render the appellant's resignation involuntary. *Id*. She also found that the appellant failed to show that he was coerced to resign because he is single or black. *Id*.

¶4    In his petition for review, the appellant recounts the meeting between him and agency management officials, at which he was afforded the option of either signing the termination letter outlining his poor performance or resigning. He also reiterates that the agency discriminated against him because he is unmarried and black. Petition for Review (PFR) File, Tab 2.

The appellant is not an employee with Board appeal rights.

¶5    A probationary employee in the competitive service who has not completed 1 year of current continuous service has no statutory right of appeal to the Board. *See* 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002); *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 9 (2010). Here, the record establishes that the appellant was appointed subject to a 1-year probationary period that he did not complete. IAF, Tab 5 at 12, Tab 10 at 19. Thus, he had no statutory right to appeal his proposed termination.

The administrative judge correctly determined that the appellant failed to establish that his resignation was involuntary.

¶6    The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(a)(2). An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013); *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). To overcome the presumption that a resignation is voluntary,

the employee must show that it was the result of the agency's misinformation or deception or that he was coerced by the agency to resign. *See Vitale*, 107 M.S.P.R. 501, ¶ 19.

¶7        To establish involuntariness on the basis of coercion, the appellant must establish that the agency imposed the terms of the resignation, the appellant had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency. *Garcia*, 437 F.3d at 1329.  If the employee claims that his resignation was coerced by the agency's creating intolerable working conditions, he must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to resign.  *Id.*  When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness.  *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009).  Once the appellant presents nonfrivolous allegations of Board jurisdiction—allegations of fact that, if proven, would establish the Board's jurisdiction—he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence.  *Parrott*, 519 F.3d at 1332; *Garcia*, 437 F.3d at 1344.

¶8        Here, the appellant argues on review that the agency coerced him into resigning because, while the agency permitted him to speak to a union representative before and during the meeting when the agency presented him with a termination letter, he was not allowed a union representative at the meeting itself.  He also alleges that he was forced to resign because, although he was told that the agency was drafting a termination letter, the agency never actually provided him with the letter.  In addition, he states that he was subjected to a hostile work environment because he was not allowed to telecommute and the agency reassigned him too frequently because he is single and black.  PFR File, Tab 2.

¶9        The administrative judge correctly determined that the appellant failed to raise a nonfrivolous allegation that his resignation was involuntary.  The agency's failure to provide the appellant with a final copy of his termination letter did not render involuntary his otherwise voluntary action.  *See generally Lake v. Department of Transportation*, 33 M.S.P.R. 203, 208–09 (finding that the agency's failure to advise an employee of an inapplicable policy and that he would have appeal rights if his demotion were involuntary did not render his acceptance of the demotion involuntary), *aff'd*, 837 F.2d 1097 (Fed. Cir. 1987) (Table).  Likewise, the fact that the appellant resigned in lieu of obtaining a final draft of the termination letter did not cause his resignation to be coerced.  He had the choice to wait until the agency issued the termination letter to fight it, but he instead chose to resign.  Once the appellant resigned, there no longer was any need for the agency to complete the termination letter.

¶10       As to the appellant's claim that he was not afforded union representation during the termination meeting, he has pointed to no law, rule, or regulation that would require the agency to provide him union representation during such a meeting, and we are aware of none.  *See, e.g.*, *Pangarova v. Department of the Army*, 42 M.S.P.R. 319, 325 (1989) (assuming that the appellant was a member of a collective bargaining agreement, he only had a right to union representation if he reasonably believed that the agency was going to subject him to an investigation leading to disciplinary action).  In any event, the appellant, by this argument, fails to demonstrate that he involuntarily resigned.

¶11       Furthermore, the U.S. Court of Appeals for the Federal Circuit has held that the doctrine of coerced involuntariness does not apply if the employee resigns because he does not like agency decisions such as "a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant … that he feels that he has no realistic option but to leave."  *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).  Thus, even if the appellant in this case disagreed with several of the

agency's decisions, such as not allowing him to telecommute, or transferring and reassigning him, these decisions did not render his resignation forced. Moreover, the appellant's apparent dissatisfaction with his interactions with management does not prove that his resignation was involuntary. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) ("An employee is not guaranteed a working environment free of stress. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign.").

<u>The appellant failed to establish that his marital status and racial discrimination claims rendered his resignation involuntary.</u>

¶12    A probationary employee in the competitive service has a regulatory right to appeal a termination if he alleges that it was based on partisan political reasons or marital status discrimination. 5 C.F.R. § 315.806(b). Therefore, the Board would have jurisdiction to consider allegation of discrimination on the basis of marital status of a probationary employee who was terminated by the employing agency. In the context of a probationary employee's alleged involuntary resignation, the Board will consider allegations of discrimination based on partisan political reasons or marital status only insofar as those allegations relate to the issue of voluntariness and not whether they would establish Board jurisdiction over the termination action. *Cf. Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996) (finding that, in the context of an employee's alleged involuntary resignation, the Board will consider allegations of discrimination and reprisal only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense). Similarly, as stated above, the appellant's allegation of racial discrimination will be analyzed solely in terms of the voluntariness of his resignation.

¶13    Here, we agree with the administrative judge that the appellant's allegations that the agency denied him telework and reassigned him too frequently because

he is unmarried and black are conclusory and vague and insufficient to establish that his working conditions were so intolerable that a reasonable person would feel compelled to resign. ID at 4. The appellant failed to show that he lacked a meaningful choice other than to resign because of the agency's allegedly improper marital status or racial discrimination. *Cf. Bean v U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (explaining that the Board applies a two-part jurisdictional standard that is a unifying principle for all constructive actions: (1) the appellant lacked a meaningful choice; and (2) the lack of choice was because of the agency's improperly actions).

¶14      Finally, as to the new arguments that the appellant raises for the first time on review, the Board generally will not consider arguments raised for the first time in a petition for review unless those arguments are based on new and material evidence that, despite due diligence, was unavailable when the record closed. 5 C.F.R. § 1201.115(a); *see Cartier v. Department of Air Force*, 26 M.S.P.R. 294, 294 n.* (1985) (declining to consider a claim of discrimination due to marital status first raised in a petition for review). The appellant has not established that these additional claims are based on new and material evidence not previously available to him.

¶15      Accordingly, we affirm the administrative judge's determination to dismiss the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                               Jennifer Everling
                                               Acting Clerk of the Board

Washington, D.C.